# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.D.**

**No. 17-0877** (Mineral County 17-JA-9)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.D., by counsel Ramon Rozas, III, appeals the Circuit Court of Mineral County's September 27, 2017, order terminating her parental rights to C.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Lauren M. Wilson, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her based solely on inadmissible hearsay.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner additionally alleges that the circuit court erred in proceeding to disposition during a hearing that was noticed only as a status hearing. According to petitioner, the decision to proceed to disposition during this hearing violated her right to notice and certain other information under the applicable Rules of Procedure for Child Abuse and Neglect Proceedings. We find, however, that petitioner is not entitled to raise this issue on appeal because she failed to object below. Specifically, after reaching its determination to terminate petitioner's improvement period, the circuit court indicated that it would make a final dispositional ruling. At that time, petitioner did not object or otherwise preserve this issue for appeal. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009). Because petitioner failed to raise this issue below, we decline to address the same on appeal. Further, beyond asserting error in the circuit court's procedural decision to proceed to disposition, petitioner does not raise a specific assignment of error alleging error in the termination of her parental rights.

1

In May of 2017, the DHHR filed an abuse and neglect petition against the parents. Specifically, the petition alleged that petitioner had a history of drug abuse that resulted in a prior involuntary termination of her parental rights to two older children. Moreover, C.D. was born drug-affected and tested positive at birth for multiple drugs, including morphine, amphetamine, and cocaine. According to the petition, petitioner obtained insufficient prenatal care consisting of only one appointment. Further, the petition alleged that, upon her admission to the hospital, security found heroin in petitioner's possession. Following the preliminary hearing that month, the circuit court ordered petitioner to begin submitting to drug screens. Initially, petitioner tested positive for cocaine, morphine, and marijuana and then failed to report for additional screens until the dispositional hearing.

During an adjudicatory hearing in June of 2017, petitioner's counsel informed the circuit court that petitioner contacted him to say she would be late for the hearing. Petitioner never appeared for the hearing, but was represented by counsel throughout. The DHHR presented testimony from a caseworker regarding the investigation into petitioner's drug use while pregnant. Petitioner objected to portions of this testimony as inadmissible hearsay, but the circuit court overruled the same. The caseworker testified that petitioner admitted to him that she abused drugs, was found with heroin and needles at the time she was hospitalized for the child's birth, and sought treatment for her issues. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

In July of 2017, the circuit court held a dispositional hearing, during which it granted petitioner a dispositional improvement period over objections from both the guardian and the DHHR. Following the dispositional hearing, petitioner screened positive for cocaine, fentanyl, and marijuana. Thereafter, petitioner (1) failed to attend a multidisciplinary team meeting, (2) was arrested for counterfeiting in July of 2017, and (3) overdosed and was found unresponsive by a caseworker who appeared for a home visit. As such, the guardian filed a motion to terminate petitioner's improvement period.

In September of 2017, the circuit court held a hearing on the guardian's motion. After granting the motion, the circuit court proceeded to disposition and ultimately terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]According to the DHHR, the matter regarding the father is ongoing in the circuit court. The parties indicate that, if reunification with the father is not successful, the concurrent permanency plan is adoption by the current foster family.

2

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues that the circuit court erred in admitting certain hearsay evidence and in adjudicating her as an abusing parent based solely on this inadmissible evidence. Specifically, petitioner argues that the DHHR presented only one witness, a DHHR caseworker, and that the witness was permitted to testify to information obtained from conversations with hospital staff and petitioner, and to testify concerning certain medical records that were not introduced into evidence. Upon our review, however, we find no error. Pursuant to West Virginia Code § 49-4-601(k), "[t]he rules of evidence shall apply" to adjudicatory hearings. Moreover, we have frequently held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 8, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013).

Petitioner specifically objected to the caseworker's testimony regarding certain admissions that petitioner made. However, it is clear that this testimony is specifically excluded from hearsay under Rule 801(d)(2) of the West Virginia Rules of Evidence as a statement from an opposing party.[4] Petitioner was a named respondent to the proceedings below and, thus, her statements to the DHHR caseworker were properly introduced into evidence. According to the record, the DHHR caseworker testified that petitioner admitted to abusing drugs during her pregnancy with the child, having heroin and drug paraphernalia in her possession upon admission to the hospital, and seeking treatment for her drug use. Accordingly, we find that this testimony was properly admitted into evidence below.

We have held that

"W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

---

[4]"A statement that meets the following conditions is not hearsay: . . . [t]he statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity[.]" W.Va. R. Evid. 801(d)(2)(A).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). West Virginia Code § 49-1-201, in relevant part, defines a "[n]eglected child" as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education[.]" Based on the testimony concerning petitioner's admissions to her substance abuse, it is clear that the circuit court had sufficient evidence upon which to adjudicate petitioner as neglecting the child, given the fact that her failure to properly care for the child resulted in his physical harm. As such, we find no error in the circuit court adjudicating petitioner as an abusing parent.[5]

Lastly, because the proceedings regarding the father are ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

---

[5]Given that we find the testimony concerning petitioner's admissions to the DHHR caseworker is sufficient upon which to adjudicate petitioner of neglect, it is unnecessary to analyze the additional evidence that petitioner alleges was erroneously admitted below.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 27, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5